```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 08-60525-CIV-ZLOCH
```

BONNIE ALLISON and STEPHEN
ALLISION, individually and as
guardians on behalf of
Carson Allision, a minor,

      Plaintiffs,

vs.                                             **O R D E R**

APOTEX CORP., and APOTEX, INC.,

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff's Motion To Remand (DE 9).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiffs initiated the above-styled cause in Florida state court.  Defendants Apotex Corp. and Apotex, Inc. together timely removed this action with the filing of their Notice Of Removal (DE 1).  Therein, Defendants alleged that Plaintiffs are domiciliaries, and therefore citizens, of the State of Mississippi.  Plaintiffs do not challenge this allegation in the instant Motion (DE 9).  The Notice Of Removal (DE 1) also alleged that Defendant Apotex Corp. is incorporated and has its principal place of business in Ontario, Canada, and that Defendant Apotex, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Florida.  Plaintiffs do not challenge these allegations and appear to concede them.  In the instant Motion Plaintiffs argue first that the Court lacks subject matter jurisdiction over the

instant action, because both diversity of citizenship and the amount in controversy are wanting, and second that removal was improper.

Plaintiffs first argue that diversity of citizenship between the Parties does not exist because one of the Defendants is a citizen of the forum state. This, of course, is a non sequitur. Plaintiff has misinterpreted the meaning of diversity of citizenship for the purposes of subject matter jurisdiction. As the Honorable Roger Vinson succinctly stated it, "Title 28, United States Code, Section 1332(a) grants federal jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000." Callahan v. Countrywide Home Loans, Inc., 2006 WL 1776747, *5 (N.D. Fla. 2006) (Vinson, J.). Nowhere in that statute has Congress included any reference to a defendant's citizenship in the forum state for purposes of determining diversity. Congress has elsewhere in Title 28 included references to a litigant's citizenship in the forum state. See, e.g., id. § 1441(b). "Where Congress knows how to say something but chooses not to, its silence is controlling." In re Haas, 48 F.3d 1153, 1156 (11th Cir. 1995), cited in CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1226 (11th Cir. 2001). Thus, the Court must give effect to Congress's decision to draft the grant of subject matter jurisdiction to the Court in § 1332 and the definition of diversity without reference to the forum. In doing so, the Court hopes to remind all of "the responsibility of lawyers who practice in the federal courts, even if only occasionally, to

familiarize themselves with the principles of federal jurisdiction." Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Plaintiffs argue next that the amount in controversy is insufficient to satisfy the $75,000 threshold for the Court's exercise of subject matter jurisdiction. The Eleventh Circuit has held that, "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). However, where the record has not been developed the Court must consider "the peculiar implications of applying the preponderance of the evidence standard—a standard usually used to weigh competing pieces of evidence—to a situation, as here, where the court has only naked pleadings to consider." Id. at 1209 (footnote and citation omitted).

Plaintiffs allege in their Compliant (DE 1, Ex. A) that while pregnant, Plaintiff Bonnie Allison ingested Paroxetine produced and distributed by Defendants, which caused her son to be born with "life-threatening congenital defects" or other similar conditions "including soft pulmonary flow murmur; benign, mild peripheral pulmonary stenosis; patent fomen ovale; small left to right shunt; and other congenital malformations, diseases or defects both known and unknown." DE 1, Ex. A, ¶ 18. In each of the first six Counts of the Complaint, damages are also alleged to include "pain and suffering, mental anguish, embarrassment and humiliation,

3

disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital birth defects, heart defects, [persistent pulmonary hypertension] and/or other related conditions" for Plaintiffs' infant child.  E.g., id. ¶ 30.  In all seven Counts of the Complaint Plaintiffs themselves claim damages of "loss of consortium, general, special and medical damages and related expenses."  E.g., id. ¶ 31.  Plaintiffs also allege that Defendants' actions were "intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to Plaintiffs, and the public's safety and welfare."  E.g., id. ¶ 32.  The Court finds that, based on these allegations, the amount required for jurisdiction, while not "stated clearly on the face of the documents before the court," is by a preponderance of the evidence "readily deducible from them."  Lowery, 483 F.3d at 1211.

Plaintiffs finally argue that removal was improper.  Both named Defendants filed the Notice Of Removal (DE 1).  This is so, despite the fact that Defendant Apotex, Inc. is a citizen of the State of Florida, where Plaintiffs originally filed this action. In the instant Motion, Plaintiffs concede that Apotex, Inc. was not served at the time the Notice Of Removal (DE 1) was filed.  DE 9, p. 7 ("Apotex Corporation had not been served at the time of removal, as was the case with Apotex, Inc. . . . .").

Plaintiffs argue that it is a "nonsensical argument" to contend that the fact that Defendant Apotex, Inc. had not yet been served at the time of filing the Notice Of Removal should play any

4

significant role in the Court's analysis.  However, Congress has specifically stated that proper joinder and service govern removability.  28 U.S.C. § 1441(b) (2006) ("Any [action not based on a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  That is <u>precisely</u> the case here.  As Plaintiffs concede, Defendants, including the in-state Defendant Apotex, Inc., were not served at the time of filing the Notice Of Removal (DE 1).

Plaintiffs vigorously argue that allowing an in-state defendant to remove before being served is an improper manipulation of jurisdictional statues.  Plaintiffs argue that Defendants' actions are in "utter disregard" to "binding precedent of the Supreme Court and the Eleventh Circuit."  DE 9, p. 12.  However, they cite to the Court not a single case from either the Eleventh Circuit or the Supreme Court on the issue of whether Defendants' removal was proper.[1]

The premise of Plaintiffs' argument that the Court cannot suffer the Defendants to remove this action is that such would be an absurd reading of § 1441.  Essentially, Plaintiff's argument is that giving operative effect to the language "properly joined and served" would not give effect to the intent of Congress.  However, "we assume that in drafting legislation, Congress said what it

---

[1] Many of the cases cited by Plaintiffs discuss fraudulent joinder; however, Defendants have not raised the issue as grounds for allowing the removal.

5

meant." United States v. LaBonte, 520 U.S. 751, 757 (1997). Moreover, the Supreme Court has counseled that "[w]hen the words of a statue are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992) (quotation omitted). Thus, by inserting the language "properly joined and served" into § 1441, Congress intentionally acted to circumscribe the effect of the statute. The statute prevents removal if any defendant who has been served is a citizen of the forum. This reading of § 1441 has been approved. 14C Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3731 (1998).

It is undisputed that Apotex, Inc., the in-state Defendant, was not yet served at the time of removal. Therefore, because there exists complete diversity between the Parties and the amount in controversy exceeds $75,000, the Court has jurisdiction.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Remand (DE 9) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   23rd      day of May, 2008.

*[signature]*
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

6